## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AMANDA SHAHAN** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ALLSTATE VEHICLE AND** | * | **MAGISTRATE JUDGE:** |
| **PROPERTY INSURANCE COMPANY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Amanda Shahan (hereinafter "Complainant"), and files her Complaint for Damages and Demand for Jury Trial against Defendant, Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"), respectfully averring as follows:

### I. PARTIES

**1.**

Made Plaintiff herein is **AMANDA SHAHAN**, an adult resident of the Parish of Calcasieu, Louisiana.

**2.**

Made Defendant herein is **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainant and Allstate is located in this District.

## III.  RELEVANT FACTS

**5.**

At all times relevant hereto, Complainant owned the property located at 1000 Elizabeth Street, Westlake, Louisiana 70669 (the "Property").

**6.**

At all times relevant hereto, Allstate provided a policy of insurance, number 810988446 (the "Policy"), to Complainant which covered the Property against perils including hurricanes and provided the following coverages:  $178,849.00 for Dwelling; $17,885.00 for Other Structures; $107,310.00 for Personal Property; $17,885.00 for Additional Living Expenses; *inter alia*.

**7.**

On or around August 27, 2020, Hurricane Laura caused significant damages to Complainant's Property.

**8.**

Complainant promptly reported the loss to Allstate, who assigned it claim number 0598130110 (the "Laura Claim").

**9.**

Prior to Hurricane Laura, Complainant evacuated to the Houston, Texas metropolitan area, where she remained for approximately one week.

**10.**

When she returned the day after the storm, Complainant discovered there was no electricity or water at the Property and the Property was rendered uninhabitable by the damage from the storm—Complainant traveled back and forth daily from Houston to Westlake until the property could be secured.

**11.**

Allstate did not sufficiently compensate Complainant for these additional living expenses.

**12.**

On or about September 8, 2020, adjuster Eriberto Rojas inspected the Property on behalf of Allstate and documented damages to the dwelling, other structures, and personal property, but after over-depreciating the loss and applying the Policy's deductible, Mr. Rojas allowed Complainant only $8,154.57, $16,021.38, and $330.60 for her substantial dwelling, other structures and personal property losses, respectively.

**13.**

Mr. Rojas' inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**14.**

Complainant was unable to make meaningful repairs to her Property with the meager proceeds allowed by Allstate and promptly put Allstate on notice of its deficient claims handling.

**15.**

In order to mitigate her damages and prevent further damage to the Property, Complainant tarped the Property's damaged roof.

**16.**

As a result of Allstate's failure to timely and adequately compensate Complainant for her covered loss, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

**17.**

On or about October 1, 2020, Complete Adjusting Services, LLC ("CAS") inspected the Property on behalf of Complainant and created an estimate of damages documenting $111,017.71 in damages to the dwelling, $1,300.00 in damages to other structures and $26,230.25 in damages related to Complainant's personal property.

**18.**

On October 29, 2020, a demand for the release of unconditional tenders was sent to Allstate, along with the CAS estimates and photographs demonstrating the loss.

**19.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**20.**

On or about November 11, 2020, adjuster Donald McMillan reinspected the Property on behalf of Allstate and documented damages to the dwelling, other structures, and personal property, but after over-depreciating the loss and applying the Policy's deductible, Mr. McMillan additionally allowed Complainant only $21,851.12, $51.00, and $169.40 for her substantial dwelling, other structures and personal property losses, respectively.

**21.**

Mr. Rojas' inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**22.**

Complainant remained unable to make meaningful repairs to her Property with the meager proceeds allowed by Allstate and again promptly put Allstate on notice of its deficient claims handling.

**23.**

On December 30, 2020, the demand for the release of unconditional tenders was resent to Allstate, along with the CAS estimates and photographs demonstrating the loss.

**24.**

On or around January 27, 2021, Allstate tendered a supplemental payment of $5,811.94 to Complainant for her dwelling and other structures.

**25.**

On or around April 12, 2021, Allstate finally tendered the $34,381.17 to Complainant for her personal property losses.

**26.**

To date, no more insurance proceeds have been forthcoming.

**27.**

As a result of Allstate's failure to timely and adequately compensate Complainant for her substantial losses, the Property remains in a state of disrepair.

**28.**

Upon information and belief, Allstate's failure to timely and adequately compensate Complainant for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**29.**

Upon information and belief, Allstate purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

**30.**

Upon information and belief, Allstate conducted the investigation and claims handling for Complainant's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**31.**

Upon information and belief, Allstate manipulated its pricing software to artificially suppress the cost of repairs below market value.

**32.**

Upon information and belief, Allstate purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

**33.**

Complainant has incurred or will incur additional expenses in repairing the Property as a result of Allstate's failure to timely compensate her for her substantial and covered losses.

**34.**

Complainant has incurred or will incur additional living expenses as a result of the damages caused to her Property by Hurricane Laura, including those additional living expenses that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

**35.**

Complainant realleges and re-avers the allegations contained in paragraphs 1-34, above, as if restated herein.

**36.**

An insurance contract, the Policy, exists between Complainant and Allstate.

**37.**

The Policy provides coverages for perils including hurricanes.

**38.**

Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, Allstate failed to timely tender adequate insurance proceeds as required by the Policy.

**39.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Mr. Rojas' inspection, Allstate breached the Policy.

**40.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Mr. McMillan's inspection, Allstate breached the Policy.

**41.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the CAS estimates, Allstate breached the Policy.

**42.**

By purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy, Allstate breached the Policy.

**43.**

By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, Allstate breached the Policy.

**44.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, Allstate breached the Policy.

**45.**

By failing to include adequate overhead and profit in its estimates of damages, Allstate breached the Policy.

**46.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

## B. Bad Faith

**47.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-46, above, as if restated herein.

**48.**

The actions and/or inactions of Allstate in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Allstate liable for statutory bad faith penalties.

**49.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**50.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**51.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**52.**

Allstate is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with her Laura Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from CAS.

**53.**

Allstate's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**54.**

Allstate's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**55.**

Allstate's failure to pay timely for damages it knew, or should have known, existed at the time it received the CAS estimates was in bad faith.

**56.**

Allstate's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**57.**

Allstate's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**58.**

Allstate's handling of Complainant's Laura Claim was in bad faith.

## IV.  DAMAGES

**59.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-58, above, as if restated herein.

**60.**

As a result of Allstate's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**61.**

Complainant requests a trial by jury.

**62.**

**WHEREFORE,** Complainant, Amanda Shahan, prays that, Defendant, Allstate Vehicle and Property Insurance Company, be served with a copy of this Complaint and be duly cited to

appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Amanda Shahan, and against Defendant, Allstate Vehicle and Property Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

                                                    **RESPECTFULLY SUBMITTED:**

_____
Lauren E. Checki, La. Bar No. 31659
Galen M. Hair, La. Bar. No. 32865
Ashley Unsworth Schmidt, La. Bar No. 36005
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S I-10 Service Rd W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
checki@hairshunnarah.com
hair@hairshunnarah.com
schmidt@hairshunnarah.com

**PLEASE SERVE:**

**Allstate Vehicle and Property Insurance Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809